UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JUAN DIAZ, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 09-10298-JLT |
| | * | |
| PETER ST. AMAND, | * | |
| | * | |
| Respondent. | * | |

ORDER

February 16, 2010

TAURO, J.

In an Order [#23], dated January 26, 2010, this court accepted and adopted the Report and Recommendation [#18] of Magistrate Judge Sorokin and stated that, "[i]f Petitioner fails to timely dismiss the unexhausted claim...this court will allow Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus [#11] and dismiss the Petition in its entirety." Presently at issue is Petitioner's Motion for Clarification and to Extend Time [#24], in which Petitioner asks this court to clarify which portion of Petitioner's fourth subsidiary claim Petitioner must dismiss in order for the action to proceed.

Petitioner's fourth subsidiary claim, the claim at issue, is twofold: first, Petitioner claims that the prosecutor violated his rights under the 6th and 14th Amendments by knowingly using perjured testimony against him and, second, Petitioner claims that his appellate counsel was ineffective for failing to raise the prosecutor's use of perjured testimony on direct appeal. It is only the second aspect of Petitioner's fourth subsidiary claim that remains unexhausted and, thus, only the second aspect which Petitioner must dismiss in order to proceed with his Petition.

Because a justice of the Massachusetts Supreme Judicial Court addressed the merits of the claim, i.e. the use of the perjured testimony itself, Petitioner need not dismiss the first aspect of his fourth subsidiary claim.  Petitioner's Motion for Clarification and to Extend Time [#24] is ALLOWED to the extent that Petitioner requests an extension of time up to and including February 25, 2010, to dismiss the unexhausted claim in accordance with this order.

IT IS SO ORDERED.

      /s/ Joseph L. Tauro
United States District Judge