UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                           |   |                                |
|---------------------------|---|--------------------------------|
| JUAN DIAZ,                | ) |                                |
|         Petitioner,       | ) |                                |
| v.                        | ) | Civil Action No. 09-10298-JLT  |
| PETER ST. AMAND,          | ) |                                |
|         Respondent.       | ) |                                |

REPORT AND RECOMMENDATION ON
PETITIONER'S MOTION TO RECONSIDER

February 14, 2012

SOROKIN, M.J.

The Petitioner, Juan Diaz, has filed a Motion to Reconsider an order of this Court, which required him to either dismiss an unexhausted claim in his Petition for Writ of Habeas Corpus, or alternatively to face dismissal of his Petition in its entirety. Docket # 38. The Respondent opposes this motion on the ground that the claim Diaz seeks to add to his Petition is barred by the period of limitations, and because there is, in any event, an independent and adequate state-law procedural rule such that allowing addition of the claim would be futile. Docket # 40 at 1. For the following reasons, I RECOMMEND that Diaz's Motion be DENIED.[1]

---

[1] The underlying Petition for Writ of Habeas Corpus is also the subject of a Report and Recommendation issued this same day.

1

I.  PROCEDURAL BACKGROUND

Diaz was convicted of murder in the first degree on theories of deliberate premeditation and extreme atrocity or cruelty in the Hampden County, Massachusetts, Superior Court on November 24, 2004, and was sentenced to a state-prison term of his natural life. Docket # 40 at 1. On January 31, 2007, the Massachusetts Supreme Judicial Court (SJC) affirmed his conviction on direct appeal. Id. at 1-2. On August 14, 2007, Diaz (through new counsel) filed in the Superior Court a motion for new trial, a motion for an evidentiary hearing, and a motion for discovery; all of these motions were denied on February 6, 2008. Id. at 2, Docket # 5-7 (Ex. F). Diaz filed a notice of appeal six days later, and then, on February 21, 2008, filed a motion for leave to appeal to the Single Justice session of the SJC. Docket #s 40 at 2, 5-8 (Ex. G). A Single Justice of the SJC denied that motion in a Memorandum and Order dated June 18, 2008. Docket #s 40 at 2, 5-9 (Ex. H).

On February 27, 2009, through new counsel, Diaz filed the instant federal habeas corpus action. Id. His claim that his "rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution were violated where he was denied the effective assistance of counsel in his criminal case," was comprised of four, subsidiary claims: (1) that appellate counsel failed to substantively challenge the improper admission of a witness's alleged prior consistent statement, which was introduced as "first complaint" testimony in a non-sexual assault case; (2) that appellate counsel failed to raise in Diaz's direct appeal "flagrant errors" in the prosecutor's closing argument; (3) that appellate counsel failed to raise on direct appeal jury instruction errors that led to Diaz's conviction; and (4) that the prosecutor knowingly used perjured testimony of one Nelson Aponte to secure a conviction against Diaz, and that appellate

counsel was ineffective for failing to raise this issue on direct appeal. Id. at 2-3.

On May 1, 2009, the Respondent moved to dismiss the Petition on the ground that Diaz had failed to exhaust state remedies with respect to all his claims. Id. at 3; see Docket #s 11, 12. On January 26, 2010, the Court issued an order permitting Diaz an opportunity to dismiss the unexhausted claim but that if he failed to do so, the Court would allow the Respondent's motion to dismiss. Docket #s 18, 23. On February 16, 2010, following Diaz's Motion for Clarification (Docket # 24), the Court ordered that only the unexhausted portion of Diaz's fourth subsidiary claim – that Petitioner's appellate counsel was ineffective for failing to raise the prosecutor's knowing use of perjured testimony on direct appeal – needed to be dismissed. Docket # 25. On February 23, 2010, Diaz moved to dismiss the unexhausted portion of his fourth subsidiary claim (Docket # 26), which motion the Court allowed on February 26, 2010, thereby simultaneously denying the Respondent's motion to dismiss. Docket # 27.

However, on January 19, 2010, Diaz brought a second motion for a new trial in the Superior Court, raising the claim that his appellate counsel was ineffective for failing to raise the prosecutor's knowing use of perjured testimony on direct appeal. Docket # 38 at 2. This motion was denied on July 20, 2010, and Diaz filed a notice of appeal on August 26, 2010. Docket # 40 at 3. On October 19, 2010, Diaz filed an application for leave to appeal the denial of his second motion for new trial along with a motion requesting leave for that application to be filed late in the SJC Single Justice Session. Id. That application was denied on December 6, 2010, by a Single Justice of the SJC who indicated both that the application was untimely, and that it did not

raise a new and substantial question warranting leave to appeal.[2] Id. at 3-4.

On October 12, 2011, Diaz filed the instant motion, asking the Court for permission to reassert the portion of his fourth subsidiary claim that the Court had previously found unexhausted, on the ground that it has since been exhausted. Id. at 4.

II.     DISCUSSION

Diaz's Motion for Reconsideration is, at its core, a motion to amend his habeas petition to include a now-properly exhausted claim. Pursuant to 28 U.S.C. § 2242, habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. "[Rule 15 of the Federal Rules of Civil Procedure] therefore commonly applies to habeas petitions." Prall v. Cambridge Dist. Court, No. 09-10961-JLT, 2010 WL 7507485, at *2 (D.Mass. Mar. 8, 2010) (Bowler, M.J.). Rule 15 provides that a plaintiff seeking to amend a complaint following the filing of a responsive pleading may do so "only with the opposing party's written consent or the Court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Even so, district courts enjoy "significant latitude in deciding whether to grant leave to amend." U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir.2009) (quoting ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir.2008) (internal citation omitted)). Futility of the amendment is an adequate reason to deny a motion to amend. Todisco v. Verizon Communic'ns, Inc., 497 F.3d 95, 98 (1st Cir.2007) (citing Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir.2006)). "In assessing futility, the district court must apply the standard which applies to motions to dismiss

---

[2] On December 10, 2010, Diaz filed a motion for a ruling on his motion to file his application late; the Single Justice then denied the motion to file the application late. Docket #s 38 at 4 and 41, Ex. B.

4

under Fed. R. Civ. P. 12(b)(6)." Adorno, 443 F.3d at 126. A motion to amend may also be denied if the proffered amendment comes "too late," or if it "otherwise would serve no useful purpose." Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 58 (1st Cir.2006).

Here, Diaz's claim is untimely, and is in any event futile because there is an applicable independent and adequate state procedural rule.

A. Statute of Limitations

The limitations period for filing a habeas petition is articulated by 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The SJC affirmed Diaz's conviction on January 31, 2007, and the judgment against him became final ninety days later. See Kholi v. Wall, 582 F.3d 147, 150-51 (1st Cir.2009) ("In this case, the petitioner's state-court conviction became final on May 28, 1996, when his time for

requesting a writ of certiorari elapsed . . . Thus, the one-year period for seeking federal habeas relief began to run on that date"); see also S. Ct. R. 13 (party has ninety days from entry of judgment to request a writ of certiorari). The federal limitations period under 28 U.S.C. § 2244(d)(1)(A) therefore began to run on May 1, 2007. That period was, however, tolled when, on August 14, 2007, Diaz filed a motion for a new trial in state court, and it remained tolled until the Single Justice denied leave for Diaz to appeal the denial of that motion on June 18, 2008. The limitations period then again began to run. By the time Diaz filed his second motion for a new trial on January 19, 2010, seeking to exhaust the subsidiary claim this Court dismissed, the one-year period of limitations had clearly run.[3]

B. Relation Back

The rule that "[a]mendments made after the statute of limitations has run relate back to

---

[3] The fact that this claim is one Diaz initially filed in his mixed petition does not change the outcome. In considering the "interplay between AEDPA's 1-year statute of limitations and [Rose v. Lundy, 455 U.S. 509 (1982)'s] dismissal requirement," the Supreme Court noted that "petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines v. Weber, 544 U.S. 269, 275 (2005) The Court explained:

"If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court."

Here, the merits of Diaz's previously exhausted claims are considered in a separate Report and Recommendation issued this same day. Filing those claims, however, did not toll the period of limitations. Duncan v. Walker, 533 U.S. 167, 172-82 (2001) (quoting 28 U.S.C. § 2244(d)) (filing of initial federal habeas petition did not toll statute of limitations because not an "application for State post-conviction or other collateral review"). The Court also considered the propriety of a stay and found it not appropriate in this case. Docket # 18 at 9-10.

6

the date of the original pleading if the original and amended pleadings "ar[i]se out of the conduct, transaction, or occurrence" is applicable to habeas proceedings. Mayle v. Felix, 545 U.S. 644, 655 (2005) (citing Fed. R. Civ. P. 15(c)(2)). In the habeas context, the Supreme Court rejected the argument that "conduct, transaction, or occurrence" means the same "trial, conviction, or sentence." Id. at 664. Instead, the Court concluded "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Id. at 664. To illustrate this principle, the Court cited Mandacina v. United States, 328 F.3d 995, 1000–01 (8th Cir.2003), in which "the original petition alleged violations of Brady v. Maryland, 373 U.S. 835 (1963), while the amended petition alleged the Government's failure to disclose a particular report. Both pleadings related to evidence obtained at the same time by the same police department. The Court of Appeals approved relation back." Id. at 664 n.7. Thus, as the First Circuit explained, "amended habeas corpus claims generally must arise from the 'same core facts,' and not depend upon events which are separate both in time and type from the events upon which the original claims depended." United States v. Ciampi, 419 F.3d 20, 23-24 (1st Cir.2005) (citing Mayle, 545 U.S. at 655-56).[4]

In the instant case, the claim Diaz wishes to add back into his Petition is that his appellate counsel was ineffective for failing to raise on direct appeal the issue of the trial prosecutor's alleged knowing use of one Nelson Aponte's perjured testimony. The exhausted claim Diaz included in his original petition was that the prosecutor knowingly used perjured testimony of

---

[4] "Although the First Circuit in Ciampi considered relation back in the context of a section 2255 petition, the court relied extensively on the Mayle decision. The language of the limitations provision, 28 U.S.C. § 2244(d), and Rule 15(c) is also the same regardless of whether such language applies to a section 2254 or 2255 petition." Scoggins v. Hall, No. 04-10814-PBS, 2011 WL 3665425, at *21 n.30 (D.Mass. June 1, 2011)(Bowler, M.J.).

7

Aponte to secure a conviction against Diaz. The claim for ineffective assistance of appellate counsel depends on events which are both separate in time and in type from the events at trial that comprise the exhausted claim articulated in the original Petition. See King v. Verdani, No. 00-12522-RWZ, 2007 WL 3332816, at *6 (D.Mass. Nov. 8, 2007)(Zobel, J.). Moreover, to satisfy the "stringent" "relation back" standard, it is not sufficient that Diaz in his original Petition raised other claims of ineffective assistance of counsel. Ciampi, 419 F.3d at 24 ("a petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance").

      C.      Independent and Adequate State Procedural Rule

Even if the claim Diaz seeks to add to the Petition were to relate back, however, habeas review is barred by the existence of independent and adequate state-law grounds for the decision. The claim of ineffective assistance of appellate counsel that is the subject of this motion was rejected by a Single Justice of the SJC on two grounds. First, the Single Justice concluded "[t]he defendant's application was not timely filed." Docket # 41, Ex. E. A gatekeeper petition pursuant to G.L. c. 278, § 33E must be filed within thirty days of the denial of a motion for a new trial. Mains v. Commonwealth, 433 Mass. 30, 36 n.10 (2000). As discussed, Diaz's motion for a new trial was denied on July 20, 2010. Docket # 38 at 2. Diaz did not file his application for leave to appeal the denial of his second motion for new trial (along with a motion requesting leave for that application to be filed late) until October 19, 2010. Id. When "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred." Obershaw v. Lanman, 453 F.3d

56, 67-68 (1st Cir.2006) (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The thirty-day rule of M.G.L. c. 278, § 33E is one the SJC regularly enforces. See, e.g., Commonwealth v. Robles, 445 Mass. 1022, 1023 (2005) (single justice denied § 33E petition on the separate and independent grounds that it was untimely); Commonwealth v. Herbert, 445 Mass. 1018, 1018 (2004) (same). The Single Justice also presented as an alternative reason for denying Diaz's motion its failure to "raise a 'new and substantial question' warranting leave to appeal" in accordance with M.G.L. c. 278, § 33E. Docket # 41, Ex. E. The First Circuit has held "that the single justice's decision to deny full SJC review of petitioner's claim under § 33E is based on a state procedural waiver, namely, his failure to raise that claim in prior state proceedings, and therefore, rests on an independent and adequate state ground for decision." Yeboah-Sefah v. Ficco, 556 F.3d 53, 75 (1st Cir.2009). Therefore, under either of the two grounds set forth by the Single Justice, there is a state procedural waiver, and thus an independent and adequate state-law ground for decision. Even were the claim to be added, the Court would be precluded by this procedural default from considering its merits.[5]

---

[5] With respect to Diaz's procedural default, "[t]he default may be excused, and the bar to federal habeas review removed, only in certain circumstances: where the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Obershaw v. Lanman, 453 F.3d 56, 68 (1st Cir.2006)(internal citations omitted). Diaz fails to recognize that the claim is procedurally defaulted. As a result, Diaz does not set forth either cause for the default or actual prejudice resulting therefrom.

III.     CONCLUSION

For the foregoing reasons, I RECOMMEND that the Court DENY the Motion to Reconsider (Docket # 38).[6]

                                                                                         /s / Leo T. Sorokin
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[6] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).